## PIERCE *v.* PAYNE *et als.*

An affidavit for continuance, on the ground that a witness is absent from the State,
must aver, that the party cannot, to his knowledge, prove the same facts by any
other witness.

Where judgment for damages is for more than the amount claimed in the com-
plaint, the excess may be remitted, and the judgment stand.

Appeal from the Sixth District.

Ejectment.   Plaintiff claims title by virtue of a Sheriff's deed
to him, made in pursuance of a sale of the land on execution
against defendant, Payne, a judgment debtor of plaintiff.   Plain-
tiff bid in the premises, and, after the expiration of the time for
redemption, received the deed.   The damages were claimed from
the time the Sheriff's deed was executed.   The Court found that
defendant, Rogers, was in possession during the six months from
the sale to the deed, and six months since the deed was execu-
ted, and that the rents were worth forty dollars per acre per
annum—sixteen hundred dollars in all—there being forty acres
of land.

The complaint averred the land was worth fifty dollars per
acre per annum, and in the same proportion for a shorter term,
and prayed five hundred dollars damages.

All of the defendants, except Rogers, disclaimed interest in
the premises, and plaintiff accepted the disclaimer.

Plaintiff had judgment.   Rogers appeals.

*J. H. Ralston,* for Appellant, cited: *Ross* v. *Austill,* (2 Cal. 183.)
*Moore & Welty,* for defendant.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and BALDWIN, J. concurring.

The Appellant, Rogers, seeks a reversal of the judgment on two grounds: 1st, error in the refusal of a continuance, and, 2d, error in awarding damages.

The affidavit upon which the continuance was asked, set forth the materiality of the testimony of the witness absent in Utah Territory, but did not state that the same facts which the defendant expected to establish by him could not, to the knowledge of the defendant, be proved by other persons resident within the reach of the process of the Court. The premises are situated within the county of Sacramento, and if McDougall, as alleged, distinctly marked their outer boundaries, and resided upon, cultivated and improved a portion of them, it is highly probable that evidence of the fact could have been readily found there. The absence of any averment on the point was a fatal defect in the affidavit.

The complaint alleges a possession of the premises by the Appellant at the execution of the Sheriff's deed to the plaintiff, and claims damages to the amount of five hundred dollars. The Court found the defendant was in possession from the sale by the Sheriff, six months previous to the execution of the deed, and awarded damages for their occupation for an entire year, at sixteen hundred dollars. The Respondent thereupon filed a *remittitur* of the excess over the amount claimed. The Appellant now insists that as the Court found the damages for the entire year, there is no evidence of any damages for a less period. We do not think the position tenable. In the absence of proof or suggestion to the contrary, we will presume, in support of the judgment, that the value of the occupation was the same each part of the year. The proof shows that the plaintiff was entitled to sixteen hundred dollars, but owing to defective allegations in the complaint and the amount demanded, or, perhaps, on the ground that a claim for the occupation intervening the sale and the execution of the deed and a claim for the subsequent occupation could not be united in the action of ejectment, he could only recover a portion of the same.

Judgment affirmed.

See *Clarke* v. *Boyreau,* (*post.*)